UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:20CR155(RNC) |
| | : | |
| v. | : | |
| | : | |
| SHAWN HILL | : | February 18, 2026 |

**GOVERNMENT'S DETENTION MOTION**

Pursuant to Title 18, United States Code, Section 3143(a) and Federal Rule of Criminal Procedure 32.1, the Government requests that the Court order the defendant detained pending his final revocation hearing. The defendant cannot establish by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released under Title 18, United States Code, Section 3142 (b) or (c).

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." The Second Circuit recently reiterated that "a district court has the authority to detain a supervisee charged with a supervised release violation pending revocation proceedings" under 18 U.S.C. § 3143(a)(1). *United States v. Fernandez*, No. 25-206-CR, 2025 WL 2433528, at *1 (2d Cir. Aug. 25, 2025).

In this case, the defendant, having been convicted of assault on a correctional officer and conspiracy to distribute and to possess with intent to distribute narcotics, and having been sentenced to 57 months in prison, was arrested on February 2, 2026, by the New Haven Police Department and charged with Threatening in the Second Degree and Disorderly Conduct. Another police report reveals that on February 6, 2026, a victim reported that the defendant pulled a firearm on her and her minor daughter. The defendant has a prior criminal history including drug and gun charges and in the Government's view,

1

his behavior thus far, less than a year into his supervised release term, does not reasonably assure that the defendant will not pose a danger to the community if he continues to be released. Additional posts obtained by Probation indicate that Mr. Hill is posting aggressive and arguably threatening messages on social media—not the behavior that should be exhibited of someone under Court supervision.





3

If he cannot stop his threats while on supervised release, there is no reason to believe he will stop while awaiting his final revocation hearing. His general lack of compliance on supervised release conditions provide other cause for concern and do not suggest that he is willing to follow the Court's orders. For these reasons, the Government requests that the Court order the defendant detained pending his final hearing.

    Respectfully submitted,

    DAVID X. SULLIVAN
    UNITED STATES ATTORNEY

    */s/ Jocelyn Courtney Kaoutzanis*
    JOCELYN COURTNEY KAOUTZANIS
    ASSISTANT U.S. ATTORNEY
    Federal Bar No. CT30426
    157 Church Street
    New Haven, Connecticut 06510

## CERTIFICATE OF SERVICE

    I hereby certify that on February 18, 2026, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                               */s/ Jocelyn Courtney Kaoutzanis*
                                               Jocelyn Courtney Kaoutzanis
                                               Assistant United States Attorney